IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MICHELLE SOLOMON, an individual,

Plaintiff,

v.

WALMART, INC., a foreign corporation,

Defendant.

NO.

COMPLAINT

PLAINTIFF alleges as follows:

I. PARTIES, JURISDICTION AND VENUE

1.1 At all times material hereto, Plaintiff Michelle Solomon ("SOLOMON") was a resident of Clark County, Washington.

1.2 Defendant WALMART, INC. ("WALMART") is a foreign corporation with a principle place of business in Bentonville, Arkansas. At all times material to this action, Walmart owned and managed a Walmart Supercenter 5461 (the "Premises") located at 14505 NE Fourth Plain Boulevard, Vancouver, Washington.

1.3 This Court has jurisdiction over the subject matter of, and the parties to, this action because WALMART does business in King County, Washington.

BRENEMAN ‖ GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

1.4	Venue is proper because Walmart does business in King County, Washington.

## II.	ALLEGATIONS

2.1	On April 7, 2018 SOLOMON was a business invitee of Walmart Supercenter 5461, entering the Premises to shop. Walmart provided an electric cart to SOLOMON for her use while shopping in the Premises. While SOLOMON was returning the cart to its charging station, SOLOMON was electrocuted due to a defective and/or negligently maintained cart and/or charging station.

2.2	SOLOMON would not have been injured in the absence of WALMART'S negligence. WALMART knew, or in the exercise of reasonable care should have known of the defective or dangerous condition of the electric cart and/or charging station, and should have corrected the condition or warned SOLOMON of its existence.

2.3	SOLOMON suffered severe injuries, including but not limited to burns, and severe injuries to her shoulder requiring surgery.

## III.	CAUSE OF ACTION

3.1	WALMART had a duty to maintain the Premises and equipment that was reasonably safe, and to avoid those hazardous conditions that were reasonably known or could have been anticipated.

3.2	WALMART failed to maintain the Premises and equipment in a reasonably safe manner – specifically by ffering equipment to customers that caused electrocution upon use.

3.3	The negligent acts and omissions of WALMART injured SOLOMON.

3.4	As a direct and proximate cause of the negligence of WALMART, SOLOMON has serious and permanent injuries. Although medical attention and supportive remedies have

BRENEMAN ǁ GRUBE ǁ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

been resorted to, the injuries and the pain and discomfort resulting from the injuries will continue to prevail for an indefinite time into the future.

3.5   As a direct and proximate cause of the negligence of WALMART, SOLOMON has incurred and will likely continue to incur medical expenses and other expenses in an amount to be proven at trial.

3.6   As a direct and proximate cause of the negligence of WALMART, SOLOMON has suffered, and will likely continue to suffer in the future, lost wages and impaired earning capacity.

3.7   As a direct and proximate cause of the negligence of WALMART, SOLOMON has suffered, in addition to physical injuries, damages resulting from her emotional distress caused by the collision and is entitled to compensation therefor.

3.8   As a direct and proximate cause of the negligence of WALMART, SOLOMON has suffered and will continue to suffer physical pain and suffering and is entitled to compensation therefor.

3.9   As a direct and proximate cause of the negligence of WALMART, SOLOMON is entitled to damages resulting from physical injuries, including economic and non-economic damages, and emotional distress.

## IV.   PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendant jointly and severally as follows:

4.1   For judgment and award of damages against Defendant for physical injuries in an amount to be proven at trial.

BRENEMAN ‖ GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

4.2  For judgment and award of damages against Defendant compensating Plaintiff for her past and future medical and out-of-pocket expenses, in an amount to be proven at trial.

4.3  For judgment and award of damages against Defendant compensating Plaintiff for her past and future economic damages, in an amount to be proven at trial.

4.4  For judgment and award of damages against Defendant compensating Plaintiff for her past and future non-economic damages, including pain and suffering, disability, past and future mental and emotional distress, and loss of enjoyment of life, in an amount to proven at trial.

4.5  For judgment and award of prejudgment interest.

4.6  For judgment and award of all costs and disbursements.

4.7  For such other and further relief as the Court deems just and equitable.

Respectfully submitted this 20th day of September, 2020.

BRENEMAN GRUBE OREHOSKI, PLLC

By: /s/ Joseph A. Grube
Joseph A. Grube, WSBA #26476
Karen Orehoski, WSBA #35855
Attorneys for Plaintiff

COMPLAINT
PAGE 4 OF 4

BRENEMAN ‖ GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 · FAX (206) 770-7607